UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WARNSHUIS,<br><br>    Plaintiff,<br><br>  v.<br><br>BAUSCH HEALTH U.S., LLC f/k/a Valeant Pharmaceuticals North America, LLC, et al.,<br><br>    Defendants. | Case No.  1:19-cv-01454-AWI-BAM<br><br>ORDER GRANTING REQUEST TO VACATE ENTRY OF DEFAULT OF DEFENDANT AMERICARX<br><br>(Doc. No. 51)<br><br>ORDER VACATING ENTRY OF DEFAULT OF DEFENDANT PRODUCT QUEST MANUFACTURING, LLC<br><br>(Doc. No. 50) |

Pending before the Court is Plaintiff Patrick Warnshuis' ("Plaintiff") request to vacate the entry of default as to Defendant AMERICARX. (Doc. No. 51.)  For the reasons that follow, Plaintiff's request will be granted, and the entry of default will be vacated as to Defendant AMERICARX**.**  Additionally, the entry of default as to Defendant Product Quest Manufacturing, LLC also will be vacated.

**BACKGROUND**

This is a products liability case brought by Plaintiff against the manufacturer, distributor, and seller of "Ocean Saline Nasal Spray."  The matter was removed from the Fresno County Superior Court.  On July 9, 2020, Plaintiff filed a third amended complaint adding AMERICARX as a defendant. (Doc. No. 35.)  The Clerk of the Court then issued summons as to Defendant

AMERICARX.  (Doc. No. 36.)  On July 27, 2020, Plaintiff filed proof of service of the summons and third amended complaint on Defendant AMERICARX.  (Doc. Nos. 36, 42.)  On August 10, 2020, Plaintiff also filed a proof of service of the third amended complaint, notice of availability voluntary dispute resolutions, stipulation to elect referral of action to VDRP, notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions, and a notice of removal on Defendant Product Quest Manufacturing, LLC.  (Doc. No. 42.)

Plaintiff requested entry of default as to Defendants AMERICARX and Product Quest Manufacturing, LLC on August 20, 2020.  (Doc. Nos. 48, 49.)  The following day, on August 21, 2020, the Clerk of the Court entered default as to both of these defendants.  (Doc. No. 50.)  Following entry of default, Plaintiff filed the instant *ex parte* request to vacate entry of default as to Defendant AMERICARX.  (Doc. No. 51.)

**DISCUSSION**

Plaintiff asks that entry of default be vacated based on an agreement with Defendant AMERICARX extending time to respond to the third amended complaint.  In light of the parties' agreement, and good cause shown, Plaintiff's request to vacate the entry of default as to Defendant AMERICARX shall be granted and the Clerk of the Court will be directed to vacate default.

Notwithstanding the above, a concurrent review of the docket demonstrates that entry of default as to Defendant Product Quest Manufacturing, LLC was mistakenly entered and also should be vacated.  (Doc. No. 50.)  In his request for entry of default, Plaintiff avers that Defendant Product Quest Manufacturing, LLC has failed to appear or otherwise respond to the third amended complaint, which was served on July 29, 2020, as evidenced by a "Proof of Service of Summons" filed with this Court on August 10, 2020.  (Doc. No. 48.)  Contrary to Plaintiff's representation, the proof of service does not evidence that Defendant Product Quest Manufacturing, LLC was served with a summons.  Indeed, there is no proof on the Court's docket evidencing that Defendant Product Quest Manufacturing, LLC has ever been served with a summons in this action. Generally, to avoid default, a defendant must serve an answer "within 21 days after being served with the *summons* and complaint." See Fed. R. Civ. P. 12(a) (emphasis

added). Absent service of a summons, there is no deadline for Defendant Product Quest Manufacturing, LLC to appear and defend.[1] The Clerk of the Court therefore will be directed to vacate entry of default as to Defendant Product Quest Manufacturing, LLC.

**ORDER**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to vacate the entry of default as to Defendant AMERICARX is GRANTED;

2. The deadline for Defendant AMERICARX to respond to the third amended complaint is extended to September 4, 2020; and

3. The Clerk of the Court is directed to vacate the entry of default as to Defendants AMERICARX and Product Quest Manufacturing, LLC (Doc. No. 50).

IT IS SO ORDERED.

Dated:   **August 21, 2020**          /s/ *Barbara A. McAuliffe*          
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999)); *see also Nagahi v. California Employment Dev. Dep't*, No. 07-6268 PVT, 2008 WL 550320, at *1 n. 3 (N.D. Cal. Feb. 27, 2008) (citing *Murphy* and noting defendants not required to take any action as official parties where they had not been served with a summons that stated the time within which they had to appear and defend).